# United States Court of Appeals

### For the Eighth Circuit

_____

No. 14-2125

_____

Christie McHone

*Plaintiff – Appellant*

Orande Anderson

*Plaintiff*

v.

State Farm Mutual Automobile Insurance Company

*Defendant – Appellee*

Diamond S. Express, Inc.; John Doe, 1-3; M. C. Mauney, Individually and in His
Capacity as Sole Shareholder, Officer and Director of Diamond S. Express, Inc.;
Thomas A. Young, as Special Administrator For the Estate of Jessie D. Whirley,
Deceased

*Defendant*s

_____

Appeal from United States District Court
for the Eastern District of Arkansas – Jonesboro

_____

Submitted: March 12, 2015
Filed: May 8, 2015
[Published]

_____

Before MURPHY and SHEPHERD, Circuit Judges, and HARPOOL,[1] District Judge.

_____

HARPOOL, District Judge.

Appellant, Christine McHone brought an action against State Farm Mutual Automobile Insurance Co. ("State Farm") to recover uninsured motorist benefits pursuant to her personal policy of insurance issued by State Farm. State Farm moved for summary judgment on the basis that McHone was not entitled to uninsured motorist benefits under Tennessee law and the terms of her policy. McHone filed a counter-motion for summary judgment. The district court[2] granted State Farm's motion for summary judgment and denied McHone's counter-motion. We affirm.

I.

On December 15, 2008, a collision occurred between McHone and Jessie Whirley on Interstate 40 in West Memphis, Arkansas.[3] McHone was driving a 2000 Pontiac Grand Prix when she was struck by a tractor trailer driven by Whirley and owned by Diamond S. Express, Inc. McHone, a Tennessee resident, was

_____

[1] The Honorable Douglas Harpool, United States District Judge for the Western District of Missouri, sitting by designation.

[2] The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

[3] The material facts are largely undisputed and the issues raised in the summary judgment motions, and now on appeal, are based on the parties differing interpretations of the law. Nonetheless, the Court reviews the facts in a light most favorable to McHone. Woods v. DaimlerChrysler Corp., 409 F.3d 984, 990 (8th Cir. 2005).

insured by State Farm. McHone's policy included coverage for uninsured motor vehicles with bodily injury limits of $100,000 for each person. The trucking company defendants were insured by Gramercy Insurance Company, with liability limits of $1,000,000. Both policies were in effect at the time of the collision.

As a result of the collision, McHone suffered bodily injuries, including back related injuries, and sustained medical bills exceeding $400,000. McHone also claims her treating physicians estimate future medical care that will exceed an additional $400,000. Consequently, McHone's alleged damages exceed $800,000.

After the collision, McHone filed suit against Whirley, Diamond Express and its owner, M.C. Mauney.[4] The matter was scheduled for trial in February 2013. However, prior to trial, Gramercy Insurance Company was placed into Rehabilitation by an agreed upon order of the District Court of Travis County, Texas. The Texas court's order, in part, appointed a rehabilitator and issued an automatic stay with respect to actions against any insured of Defendant for which Defendant was liable under a policy of insurance or was obligated to defend. The stay was ordered to continue for 90 days after the date of the order, or such further time as ordered by the court. As a result of the Texas court's order, McHone's lawsuit was stayed and the trial date was continued.

On March 4, 2013, McHone's counsel submitted a letter to State Farm outlining the problems with Gramercy and demanding $100,000 uninsured motorist benefits under McHone's State Farm policy. On March 14, 2013, State Farm denied McHone's claim and took the position that no coverage existed. At about the same time, McHone began negotiating with Gramercy's receivership estate's third party claims administrator. As a result of those negotiations, McHone agreed

---

[4]McHone's claims against Defendants Diamond Express Inc., Mauney and Young (special administrator for the estate of Jessie D. Whirley, deceased) were subsequently dismissed with prejudice on December 10, 2014.

to settle her claims against Whirley, Diamond Express, and Young for $300,000. McHone argues the settlement was made in order to avoid the claim process with the applicable State Guarantee Fund and that the settlement was not based on available insurance.

In August 2013, Gramercy was liquidated and McHone informed State Farm of the settlement it reached with the receiver. State Farm again refused to pay uninsured motorist benefits under McHone's policy.

McHone's State Farm policy states (in part):

If the Uninsured Motor Vehicle Coverage limits provided by this policy are greater than the minimum limits required by law, then such limits will be reduced by an amount equal to the sum of the limits of all liability insurance and liability bonds that apply to the accident are collectible to the insured.

Nonduplication:

We will not pay under Uninsured Motor Vehicle Coverage any damages:
    1.  that have already been paid to or for the insured;
          a.  by or on behalf of any person or organization who is or may be held legally liable for:
                  i.  bodily injury to the insured; or
                  ii.  property damage,
whether such damages are characterized as compensatory or punitive damages.

Joint Appendix at 170.

On May 21, 2013, McHone filed an Amended Complaint adding State Farm as a party and seeking to recover $100,000 in uninsured benefits, together with statutory penalties, interest and attorneys' fees and litigation costs. State Farm

-4-

moved for summary judgment asserting McHone was not entitled to uninsured motorist benefits under Tennessee law and the terms of her policy. McHone filed a cross-motion for summary judgment asserting she was entitled to the uninsured motorist benefits.

The District Court granted State Farm's motion, finding State Farm was entitled to a credit of $300,000 based upon McHone's settlement with Gramercy's receivership, which exceeds the $100,000 uninsured motorist policy limits of her insurance policy. The District Court stated it was unnecessary to determine when Gramercy became insolvent for purposes of the insurance policy because State Farm is entitled to a credit for the settlement proceeds McHone received regardless of the date of insolvency.

## II.

We review the district court's grant of summary judgment de novo. Anderson v. Durham D & M, L.L.C., 606 F.3d 513, 518 (8th Cir. 2010). Summary judgment is proper if, viewing the record in the light most favorable to the non-moving party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). At issue is whether McHone is entitled to recover uninsured motorist benefits in the amount of $100,000 from State Farm pursuant to her insurance policy.

On appeal, McHone disputes the definition of the policy limits as defined by the district court. McHone argues the State Farm policy's reference to "the minimum limits required by the law" actually refers to the legal requirement of interstate carriers to have a minimum of $1,000,000 insurance coverage. Therefore, McHone's position is the $300,000 she received from the receiver falls short of the applicable minimum limits required by law.

In defining the policy limits, the district court relied on Green v. Johnson, 249 S.W.3d 313, 320 (Tenn. 2008).[5]  In doing so, the district court held State Farm is entitled to a credit for the $300,000 settlement McHone received from the Gramercy receivership; and therefore, McHone is not entitled to recover the $100,000 uninsured benefits under her policy.  We agree.  The Tennessee Supreme Court has held an insurer is entitled to receive an offset or credit for "the total amount of damages collected by the insured from all parties alleged to be liable for the bodily injury or death of the insured."  Id. at 314.

The relevant Tennessee statutes state:

> The uninsured motorist insurance carrier shall be entitled to credit for the total amount of damages collected by the insured from all parties alleged to be liable for the bodily injury or death of the insured whether obtained by settlement or judgment and whether characterized as compensatory or punitive damages.

Tenn. Code Ann. § 56–7–1206(i).

> Nothing contained in this part shall be construed as requiring the forms of coverage provided pursuant to this part, whether alone or in combination with similar coverage afforded under other automobile liability policies, to afford limits in excess of those that would be afforded had the insured thereunder been involved in an accident with a motorist who was insured under a policy of liability insurance with the minimum limits described in § 55–12–107, or the uninsured motorist liability limits of the insured's policy if such limits are higher than the limits described in § 55–12–107. Such forms of coverage may include such terms, exclusions, limitations, conditions, and offsets, which are designed to avoid duplication of insurance and other benefits.

---

[5]It is undisputed that McHone was a Tennessee resident and that Tennessee law applies to the provisions of her insurance policy with State Farm.

Tenn. Code Ann. § 56–7–1205.

The language of McHone's State Farm policy states State Farm is not liable under its Uninsured Motor Vehicle Coverage for "any damages that have already been paid to or for the insured; by or on behalf of any person or organization who is or may be held legally liable for: bodily injury to the insured."   Here, we agree State Farm is entitled to a credit of $300,000 for the money McHone received from her settlement with Gramercy's receivership.   McHone's argument that the credit is not applicable because the payment was made by the receivership rather than by Gramercy itself is unpersuasive and supported by neither the policy language nor Tennessee law.   Id.   Therefore, McHone is not entitled to recover under her uninsured motorist policy.

The district court found it was unnecessary to determine when Gramercy became insolvent.   We agree.   Under the facts presented, State Farm is entitled to a credit for the settlement proceeds McHone received regardless of the date of Gramercy's insolvency.

Accordingly, we affirm the district court's judgment in favor of State Farm.
_____